# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CARLOS MARTINEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No.: |
| ADISER ORLANDO, LLC d/b/a BURGER KING, | ) ) ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Carlos Martinez (hereinafter "Plaintiff" or "Martinez"), by and through his counsel, Spielberger Law Group, 4890 W. Kennedy Blvd. Ste. 950, Tampa, FL 33609, and files his Complaint and Demand for Jury Trial against Defendant Adiser Orlando, LLC d/b/a Burger King (hereinafter "Defendant" or "Burger King") and in support he states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.*

1

(hereinafter "ADA") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* (hereinafter "ADEA").

2. This is an action to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability and age leading to his unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and ADEA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff is a citizen of the United States and was at all times material a citizen of the State of Florida, residing in Orange County, Florida.

6. Defendant, Burger King, is a Florida Limited Liability Company with its principal place of business located at 450 S Orlando Ave., Suite 200, Winter Park, FL 32789.

7. Defendant is a covered employer under the ADA and ADEA.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On February 28, 2022 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability discrimination, age discrimination, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On October 11, 2022, the EEOC issued to Plaintiff a Dismissal and Notice of Rights, issued upon request.

12. This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. At all times material, Plaintiff has been a disabled male over the age of 40.

14. Plaintiff began working for Defendant on or about May 1, 2021, as a Purchase Specialist.

15. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

16. Plaintiff's disability substantially impacted his major life activities including but not limited to Plaintiff's ability to sleep and eat.

17. On or about September 5, 2021, Plaintiff became ill and was admitted to the hospital where he was diagnosed with Neuroendocrine Cancer.

18. Plaintiff promptly informed his Supervisor/Account Manager, Jose Torres, Human Resources Representative, Joanna Kercado, and Chief Executive Officer, Juan Carlos of his hospitalization.

19. On September 10, 2021, Plaintiff text Mr. Torres and notified Defendant of his official Neuroendocrine Cancer diagnosis.

20. Upon Plaintiff's release from the hospital, he notified Mr. Carlos of the same via text message.

21. Due to his disability, on or about September 19, 2021, Plaintiff requested the reasonable accommodation of temporarily working remotely as he suffered ill effects from the aggressive chemotherapy treatments.

22. In response to his request, Mr. Torres conveyed to Plaintiff that Defendant had an established pattern or practice of failing to provide the

reasonable accommodation of remote work to disabled employees. Mr. Torres further stated he would "discuss it [Plaintiff's request] with corporate."

23. Despite notice of Plaintiff's disability and need for reasonable accommodations, Defendant failed to engage in the interactive process with Plaintiff. As a result, Plaintiff remained out of work while undergoing his chemotherapy treatments.

24. During his leave, Plaintiff remained in contact with Defendant and regularly reminded Defendant of the urgency to engage in the interactive process regarding his disability and request for reasonable accommodations, however, Plaintiff's requests continued to be ignored.

25. It was not until October 13, 2021, that Defendant eventually forwarded Plaintiff's request to Ms. Kercado, who also failed to reply in a timely manner.

26. Furthermore, Defendant retaliated against Plaintiff due to his disabilities, request for reasonable accommodations, and his age by withholding payment from his paycheck. Plaintiff immediately informed Mr. Carlos of Defendant's discriminatory and retaliatory actions however, Plaintiff's escalation was ignored.

27. Plaintiff continued to communicate with Mr. Torres regarding the status of his health and further informed Defendant that his health was improving. Plaintiff even went so far as to provide Defendant his recovery trajectory plan.

28. A short time later on December 27, 2021, Plaintiff provided Defendant a doctors note reflecting a return-to-work date of January 3, 2022. Plaintiff's December 27, 2021 doctors note also clearly stated that Plaintiff can return to work on January 3, 2022 without any restrictions.

29. Two days later, on December 29, 2021 Defendant terminated Plaintiff's employment.

30. Following Plaintiff's unlawful termination Defendant replaced him with a younger non-disabled employee in his 30's.

31. Plaintiff has suffered damages as a result of Defendant's illegal conduct.

32. Plaintiff has retained the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

**Count I: Disability Based Discrimination in Violation of the ADA**

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

34. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability,

6

has a record of being disabled, and/or is perceived as being disabled by Defendant.

35. Plaintiff was able to perform the essential functions of his job at the time of his termination.

36. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his disability.

38. Plaintiff has been damaged by Defendant's illegal conduct.

39. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

40. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

41. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Failure to Accommodate in Violation of the ADA

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

43. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

44. Defendant was aware of Plaintiff's disability.

45. Defendant failed to accommodate Plaintiff's disability or engage with Plaintiff in the interactive process.

46. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

47. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

48. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Retaliation in Violation of the ADA

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

50. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

51. Defendant's conduct violates the ADA.

52. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

53. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

54. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: Age Based Discrimination in Violation of the ADEA

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32 above.

56. At all times relevant to this action, Plaintiff was over the age of 40.

57. Defendant is prohibited under the ADEA from discriminating against Plaintiff because of his age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

58. Defendant violated the ADEA by unlawfully terminating and discriminating against Plaintiff and replacing him with a younger, less qualified individual.

59. Plaintiff has been damaged by Defendant's illegal conduct.

60. Defendant's discriminatory conduct, in violation of the ADEA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

61. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

62. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

> */s/ Lisa Scheibly*
> Lisa Scheibly
> FL Bar No.: 1010110
> **SPIELBERGER LAW GROUP**
> 4890 W. Kennedy Blvd.
> Suite 950
> Tampa, FL 33609
> Telephone: (800) 965-1570
> Facsimile: (866) 580-7499
> Lisa.Scheibly@spielbergerlawgroup.com
>
> *Attorneys for Plaintiff*