UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS MARTINEZ,

Plaintiff,

CASE NO.: 6:22-cv-2421-CEM-EJK

v.

ADISER ORLANDO, LLC,

Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEPARTMENT OF CHILDREN AND FAMILIES' MOTION TO QUASH AND DEFENDANT'S RESPONSE**

COMES NOW Carlos Martinez (hereinafter "Plaintiff" or "Martinez") by and through his undersigned attorney, pursuant to this Court's Order (Doc. 19) in response to Defendant's Objections to The Department of Children and Families' Motion to Quash Defendant's Subpoena and states as follows:

**I.   Procedural Posture as Relevant to Defendant's Subpoena**

On April 24, 2023, Defendant served its first set of interrogatories and request for production to Plaintiff to which Plaintiff timely responded. On August 16, 2023, Defendant deposed Plaintiff. At no time was a deficiency notice served on Plaintiff nor was there conferral as to Defendant's concerns related to Plaintiff's production and/or deposition testimony until Defendant's Subpoena.

1

### a. Defendant's Subpoena and Corresponding Communications

On December 1, 2023 Defendant served Plaintiff with its Notice of Intent to Serve Subpoena to a Third-Party and its Proposed Subpoena.

Between December 28, 2023 and January 16, 2024 Defendant and The Department of Children and Families exchanged emails about Defendant's Subpoena. In one of Defendant's emails,[1] it wrote in part "*Before moving forward with either option, I wanted to ask you if an authorization for the release of records from the Plaintiff would resolve this issue. If so, I will reach out to Plaintiff's counsel.*" Plaintiff did not respond to the email chain and did not agree to provide said waiver. At no time has Plaintiff agreed to provide a waiver.

## II. Defendant's Subpoena is Improper

Even if Plaintiff agreed to a waiver, which he has not, for all the reasons listed in The Department of Children and Families' Motion to Quash, which Plaintiff will not fully repeat herein, Defendant's Motion is improper. *See* generally Doc 17.

Plaintiff did not "quit" his job with Defendant to obtain government benefits, to the contrary, Plaintiff only applied for benefits under the Supplemental Nutritional Assistance Program (SNAP) *because* he was unlawfully terminated and

---

[1] Due to confidentiality Plaintiff is not attaching the email chain as an exhibit. However, should the Court wish to review Plaintiff will provide for an in-camera review.

had no income thus required assistance. Had Defendant not unlawfully terminated Plaintiff he would have arguably not required assistance. It is illogical that someone earning Plaintiff's income would intentionally quit his/her job to receive a very nominal amount of government assistance. Thus, Plaintiff's SNAP records will not assist Defendant in bolstering or proving its already flawed argument.

### III.     Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Quashing Defendant's Subpoena to The Department of Children and Families.

Dated: February 5, 2024              Respectfully Submitted:

*/s/ Lisa Scheibly*
Lisa Scheibly
Fl. Bar No.: 1010110
SPIELBERGER LAW GROUP
4890 W. Kennedy Blvd., Suite 950
Tampa, FL 33609
Telephone: (800) 965-1570
Fax: (866) 580-7499
Lisa.Scheibly@spielbergerlawgroup.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed using CM/ECF this 5th day of February 2024 to the following furnishing a copy of the following parties of record:

Juliana Gonzalez
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
juliana@ljmpalaw.com
office@mglegalgroup.com

*Counsel for Defendant*

Logan Bartholomew
 Assistant Regional Counsel
 Florida Bar No.: 1039488
 Florida Department of Children and Families
 400 W. Robinson Street, S1129
 Orlando, FL 32801
 Phone: (407) 317-7994
 Email: Logan.Bartholomew@myFLfamilies.com