UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CARLOS MARTINEZ,**

        **Plaintiff,**

v.                                                 Case No: 6:22-cv-2421-CEM-EJK

**ADISER ORLANDO, LLC,**

        **Defendant.**

### ORDER

This cause comes before the Court on Non-Party Department of Children and Families' ("DCF") Motion to Quash Defendant's Subpoena to Produce Documents (Doc. 17), filed January 1, 2024. Defendant has responded in opposition. (Doc. 18.) The Court also directed Plaintiff to reply to Defendant's response (Doc. 19), and Plaintiff did so on February 5, 2024 (Doc. 20). Therefore, the Motion is ripe for review. Upon consideration, the Motion will be granted.

This is an alleged unlawful termination lawsuit brought by Plaintiff pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). (Doc. 1.) Defendant served DCF with a subpoena on December 28, 2023. (Docs. 17 at 4–7.) The subpoena seeks Supplemental Nutritional Assistance Program ("SNAP") records of Plaintiff from September 1, 2021, to December 31, 2021. (Doc. 17 at 5.) Plaintiff worked for Defendant from May 1, 2021, through December 29, 2021, when Defendant terminated Plaintiff's employment. (Doc. 1 ¶¶ 14, 29.)

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that the Court, on a "timely motion," "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(d)(3)(A)(iii). DCF objects to the production of these documents because it contends that these records are confidential and exempt from disclosure pursuant to 7 C.F.R. § 272.1(c)(3) and Rule 65A-1.204, Florida Administrative Code. (Doc. 17 at 1.) Defendant responds that these rules do not stand for a *blanket* prohibition on obtaining information in an individual's food stamp file, but it does not elaborate further on this point. (Doc. 18 at 1.) Rather, Defendant contends that Plaintiff is willing to sign a release for such information. (*Id.* at 2.) But after the Court directed Plaintiff to reply to this contention, Plaintiff stated he would not voluntarily sign a release for this information. (Doc. 20.)

A plain reading of 7 C.F.R. § 272.1(c) supports DCF's contention that these records are generally exempt from disclosure. Defendant goes on to suggest that DCF should nevertheless produce the requested documents because Plaintiff testified during his deposition that he applied for SNAP benefits, that his application was denied because he was employed by Defendant, and that it was later approved after he was unemployed, making these records relevant. (Doc. 18 at 2.) From this testimony, Defendant takes the position that "Plaintiff quit his job in order to receive SNAP benefits" and that the documents from the DCF can corroborate Defendant's position. (*Id.*) Defendant says the Subpoena "is limited to the reasons for the denial of Plaintiff's application for benefits and whether he indicated that he was employed or not." (*Id.*).

However, the actual language of the Subpoena is much broader than Defendant portrays. It requests:

> [A] complete copy of all documents in electronic or hard copy format relating or pertaining to Carlos R. Martinez's ("Claimant"), application(s) for benefits under the supplemental nutrition assistant program aka food stamps, including approval or denial of Claimant's application(s), and reasons for denying such benefits (if applicable), at any time from September 1, 2021 to December 31, 2021.

(Doc. 17 at 5.) Despite the language of the Subpoena, Defendant contends that it seeks to discover only "whether Plaintiff indicated that he was employed in his first application and not employed in his second application." (Doc. 18 at 2.)

The Court is not convinced that the entirety of Plaintiff's SNAP records would be relevant to Plaintiff's ADA and ADEA claims based on Defendant's limited argument on this issue; but, given that Plaintiff provided some deposition testimony as to his SNAP benefits, the Court finds that the more limited issue of whether Plaintiff indicated that he was employed in his first SNAP application and not employed in his second SNAP application would be relevant. However, the Subpoena, in its current form, is not limited to this scope, so for that reason, the Motion will be granted. If Defendant decides to revise the Subpoena, the Court directs the parties and DCF to meet and confer regarding narrowed language for the Subpoena. Alternatively, Plaintiff may sign a release for this narrowed request.

Accordingly, it is **ORDERED** that Non-Party Department of Children and Families' Motion to Quash Defendant's Subpoena to Produce Documents (Doc. 17) is **GRANTED**.

**DONE** and **ORDERED** in Orlando, Florida on March 1, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE